BAILES, Judge.
This is an appeal by the plaintiffs, Hon-oré Mabile, a logging contractor, and Sulia A. Gaudet, Sr., timber owner, from the adverse judgment of the trial court rejecting their respective demands against Walter Marionneaux, Jr., the defendant. The trial court also rejected the reconventional demands of the defendant, who has answered the plaintiffs’ appeal. We find that plaintiff, Honoré Mabile, is entitled to recover the contract price for 137,427 board feet of logs delivered to the defendant, and that plaintiff, Sulia A. Gaudet, Sr., is entitled to recover the sale price of the amount of timber, less the state severance tax which the defendant was obliged to deduct and remit to the Department of Revenue. Further, we determine that the trial court correctly rejected the reconventional demand of the defendant. Judgment is rendered herein accordingly.
On May 18, 1963, the following contract was entered into between defendant, Walter Marionneaux, Jr., as buyer, and plaintiffs.
“ * *
“I promise to pay $43.00 per thousand feet for Tupelo, Cypress, Willow, Cotton Wood and few other hardwoods being 12 inches or more in Diameter. Doyle Scale to be used in scaling.
“Stumpage of $10.00 for hardwood and $11.50 for Cypress to be paid to Mr. S. A. Gaudet, Sr., less the Severance Tax which will be deducted from the Stump-age payments.
“The balance of $33.00 per thousand on hardwood and $31.50 per thousand on cypress will be paid to Honoré Mabile. From this amount will be deducted the Workmen Compensation Insurance which is to be carried under the policy of Walter Marionneaux, Jr. It is understood that all of Honoré Mabile’s payroll will be promptly furnished so that I may report to Insurance Company.
“It is understood that all logs are to be cut 14 and 16 feet in length, with a few 12 feet logs. It is further understood that six inches are to be added to each log for proper trimming. The logs banked on the bayou to be picked up with barges are to be not more than 30 feet back from the water. Logs rafted are to be well boomed and put in Bayou or Canal that my boat ‘Miss Lenoa’ can navigate.
“This agreement is to remain in effect 30 days after notice of cancellation in writing is given by either party.
<< * * * »
Logging operations were carried out under the contract until it was cancelled by plaintiffs on February 18, 1964. During that period of time, Mabile cut and delivered sixteen barge loads of timber to the defendant, who, in turn, sold the timber to Johnson Hardwood Lumber Company, a mill operator. Defendant tendered to plaintiffs sixteen payments for a total of 318,369 board feet of cypress and 252,302 board feet of hardwood. These payments were based on the scale made by defendant before loading the timber on his barge. In the meantime, defendant sold these sixteen barge loads of timber and received payment from Johnson for 396,047 board feet of cypress and 312,051 board feet of hardwood. These payments were based on a scale made by the mill at the time of delivery. After the contract was terminated plaintiffs discovered the discrepancy in the scales' and filed this suit.
In this suit, plaintiffs seek to recover the difference between the payments based on the allegedly inaccurate scale made by defendant and the amount that would have been due had an accurate scale been used *879 as the basis for payment. In addition, plaintiff Mabile, who went out of the logging business at the time the contract was cancelled, seeks to recover an alleged loss of profits and damages resulting from the failure of his business. The defendant answered asserting the special defense that he was required to “remanufacture” the timber sold him by plaintiffs before it was scaled and purchased by the mill. Then, assuming the position of plaintiff in recon-vention, he prayed for damages for breach of contract from plaintiffs, alleging that the logs delivered by plaintiffs were not cut as required by the contract thereby forcing him to recut this timber in order to make it salable to his purchaser. This latter claim is distinct from the special defense inasmuch as it deals with “tree length” or “long” logs (i. e. logs over 16 feet) while the special defense has as its focus the “mill length” timber (i. e. that 12, 14 and 16 feet) bought from plaintiffs.
We find from the record that defendant paid plaintiffs for 570,671 board feet of timber, whereas the defendant was paid by the mill for 708,098, this difference consisting of 77,678 board feet of cypress and, 59,749 board feet of hardwood. Defendant seeks to explain this discrepancy through his special defense that he recut the mill length timber before he sold it to the mill to a shorter length, thereby lessening the taper of the log and increasing the board footage of the log. However, defendant failed to prove that he recut a sufficient number of logs to materially increase the footage, and certainly far less than enough to account for a 20 to 25 percent increase in measurement. We find this special defense must fall for lack of proof.
The correctness of the mill scale was not questioned. We find plaintiffs are entitled to be paid by the defendant for the difference in scale. Our computation is that plaintiff Mabile is entitled to be compensated for 77,678 feet of cypress at $31.50, or $2,446.86, and for 59,749 feet of hardwood at $33.00, or $1,971.72; and Mr. Gau-det should be paid for the cypress at the rate of $11.50 per thousand, or $893.30, and for the hardwood computed at $10.00 per thousand, or $579.49, less the amount of severance tax due the State which is to be remitted by defendant.
In his reconventional demand, defendant asserts that plaintiffs delivered tree length timber to him contrary to the contract provisions; that he had to cut this timber to mill length to sell it; and, that the cost of this recutting should be assessed against the plaintiffs as damages for breach of contract. Plaintiffs admit that some tree length timber or long logs were delivered to defendant but argue that defendant agreed to accept delivery of such timber.
Plaintiff Mabile testified and defendant admitted that they had agreed that defendant would accept long logs and recut them before delivery to the mill at plaintiffs’ expense. Defendant, though questioned by Mabile about a bill, never requested payment from plaintiffs for the expenses of recutting the long timber to mill length. Defendant testified that he did not charge plaintiffs because he figured that his expense was being offset by t.he higher scale he was getting from the mill for the timber. As a matter of fact he only attempted to compute this expense after this suit was filed.
We believe no. purpose will be served in detailing the vague and indefinite proof offered by defendant to make out his claim. His reconventional demand must be rejected because no records were kept of the expenses for cutting t.he long logs, and his reconstruction of the expenses is not sufficient to substantiate his alleged expenditure.
Finally, there remains Mabile’s claim for loss of profits and for damages for the failure of his business. The record is completely devoid of evidence proving either the loss of profits or establishing any relationship between defendant’s inaccurate *880 scaling and the failure of plaintiff’s business. The claims were properly dismissed.
For the foregoing reasons, the judgment of the trial court is reversed and set aside insofar as it dismissed the demands of the plaintiffs, and there is judgment herein in favor of plaintiff, Honoré Mabile, and against the defendant, Walter Marion-neaux, Jr., in the sum of $4,418.58, together with legal interest thereon from date of judicial demand until paid; and there is judgment herein in favor of plaintiff, Sulia A. Gaudet, Sr., and against the defendant, Walter Marionneaux, Jr., in the sum of $1,490.79, together with legal interest thereon from date of judicial demand until paid, less the amount of severance tax due on the timber herein compensated for, which under the terms of the contract, was to be remitted by defendant to the Department of Revenue. Defendant is to pay all court costs, and in all other respects the judgment appealed from is affirmed.
Reversed in part, affirmed in part, and rendered.